## J. & B. HART *v.* H. M. TAYLOR.

70 655
76 406

1. BOND; PAYABLE TO BEARER. *Negotiability. How sued on.*

    A written obligation reciting that the maker is bound to "Millsaps College, or bearer," in a certain sum, to be paid to said college or its assigns if it shall be permanently located at Jackson, and in consideration of the benefit therefrom, is not governed by § 1124, code 1880, but is negotiable as at common law, and, being payable to bearer, any holder thereof for value, whether by written assignment or not, may sue thereon in his own name. *Craig* v. *Vicksburg*, 31 Miss., 216.

2. CONTRACT; PAYABLE ON CONDITION. *Recital. Failure of consideration. Estoppel.*

    Although a simple contract to pay money on condition is not negotiable, and does not import a consideration, a contract to pay a certain sum to the bearer on a sole condition, which itself implies a consideration, is negotiable, and the maker, when sued by one who has acquired it, for value and in good faith, cannot show a different consideration or failure of consideration.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*Calhoon & Green*, for appellant.

1. The bond is to Millsaps College, or bearer, to pay the college or its assigns. The college does not sue, and is not the bearer. It never assigned, and the bearer had no cause of action. Only the college or the bearer could sue, and the bearer could not sue until there was neglect or refusal to pay the college or its assigns. This is too plain for construction. This, as we submit, alone settles the case, and necessitates reversal.

2. But the bond, being conditioned on the performance of services, was never under the operation of the law merchant, and is not in the contemplation of its rule that failure of consideration could not be set up against negotiable paper.

*Shackleford* v. *Franks*, 25 Miss., 49. The contract being with bearer to pay the college, or the assigns of the college, contingent on location of the college, leaves open all defenses between the obligors and the college. The bearer could not set up any higher right to defeat equities than the college or its assigns could, for the payment was to be to them, and not the bearer.

*Nugent & McWillie*, for appellee.

The appellants would put upon the word "assigns" a limitation not warranted by any thing in the instrument sued on or the accepted meaning of the word. Assigns are "persons to whom property has been transferred." In some cases the transfer must be made by deed; in others, any writing signed or words spoken by the assignor, showing the intention to transfer, is sufficient; in others, mere indorsement is effectual; and again, as in obligations payable to bearer, mere delivery invests the assignee with all the rights of the original holder or owner.

The obligation in suit is one payable to bearer, nor is it any the less such because of the use of the alternative expression, "Millsaps College, or bearer." The word "assigns," subsequently employed, is referable to any one who, receiving it from the college, might become the bearer. Every subsequent bearer was the assignee of the college within the meaning of the word as employed in the particular writing, and also as defined and used by law writers. Burrill on Assignments (2d ed.), 1, note 1; Daniel on Neg. Inst., § 729, p. 585; Rapalje & L. Law Dic., vol. 1, 87, 89.

The appellants are also mistaken in their view of the case, when they seek to apply the rule that the obligation, being for services, is not under the operation of the law merchant, and that, the liability being contingent upon the location of the college, the defendants could avail of all defenses based on failure of consideration, etc. The obligation sought to be enforced, so far as concerns the defendants, is one for the

payment of money, and not, as in *Shakleford* v. *Franks*, for the performance of services. The college being located by the other party to the contract, the defendants owed a specific sum of money that was not payable in services, or any thing except legal tender currency.

Again, the location of the college was not the burden assumed by defendants, and the alleged failure of consideration involved other matters entirely disconnected with such location. The pleas, referred to as setting up an alleged failure of consideration, did not really aver any failure of consideration. The consideration is expressed in the instrument sued on, and shown to be the permanent location of the college in Jackson or its vicinity, and the allegations of the declaration on that head are not controverted.

COOPER, J., delivered the opinion of the court.

This action was brought by the appellee in his own name, upon the following writing:

"THE STATE OF MISSISSIPPI, } *Know all men by these presents:*
        *Hinds County.*        } That we are held and firmly bound unto Millsaps College, or bearer, in the sum of five hundred dollars, to be paid at the following dates: $250 July 1, 1891; $125 October 1, 1891; $125 January 1, 1892; to said Millsaps College, or its assigns, for the payment whereof I bind myself, my heirs and assigns, by these presents. Witness my signature, this tenth day of March, A.D. 1891.

"The condition of this obligation is as follows: By an act of the legislature of the state of Mississippi, entitled 'An act to incorporate Millsaps College, and for other purposes,' approved February 21, 1890, the trustees of said college were authorized to select a place at which to locate the said college, and to receive donations from any city, town or individual. Now, if said trustees select Jackson, Hinds county, or its immediate vicinity, to be the permanent site of the college, I agree, in consideration thereof, and of the benefits,

70 Miss.—42

direct and indirect, to me therefrom, that this obligation shall be in full force and effect; otherwise to be void.

. "J. & B. HART."

The plaintiff avers that the defendants delivered said writing to the trustees of Millsaps College, who, afterwards, selected the immediate vicinity of the city of Jackson as the permanent site of Millsaps College, and thereafter transferred and delivered said writing to plaintiff for a valuable consideration. The defendants, *inter alia*, pleaded that the writing sued on had never been assigned in writing to the plaintiffs, which plea was, upon motion of the plaintiff, taken from the files, because presenting a feigned and immaterial issue.

The defendants' fifth plea is as follows: "For a fifth plea to the declaration herein, the defendants, by their attorneys, say that the said instrument of writing sued on, is payable, by its terms, to Millsaps College or its assignee, and was obtained by misrepresentation, in this, that said Millsaps College assured said defendants that they were to be one of forty persons in business in Jackson, Miss., who would each subscribe and sign instruments in writing similar to that sued on, and especially that the firm of Dreyfus & Ascher had agreed to subscribe and sign, and would do so, for $500; and said Millsaps College was duly informed by said defendants, that they would, and did, sign said instrument sued on only because of the said assurances, and based on their truth; and that they did not propose to subscribe for more than their competitors in business; and said defendants say they signed said instrument relying on the truth of said assurances, and would not otherwise have signed it; and they say that, in fact, the said firms would not and did not, and said Dreyfus & Ascher would not, did not and had not agreed to sign such similar instruments as aforesaid.

All of which the said defendants are ready to verify; wherefore, they say said instrument sued on is without consideration and void, and they pray judgment accordingly," etc.

To this plea the plaintiff demurred, and his demurrer was sustained. The cause was then heard upon other issues, and resulted in a judgment for the plaintiff, from which the defendants prosecute this appeal.

Two questions are presented : (1) Can the suit be maintained by the plaintiff in his own name, or should the action have been in the name of Millsaps College, for the use of the plaintiff? (2) If the suit is properly brought, can the defendants rely upon the matter set up by their fifth plea in defense of the action?

The first question is answered in the affirmative, upon the authority of *Craig* v. *City of Vicksburg*, 31 Miss., 216. In that case the city of Vicksburg had issued certain bonds, payable to bearer, and, being sued by Craig, the bearer of one of the bonds, pleaded: (1) That the bond sued on had been delivered to the Commercial Bank of Millington, and that the defendant, before notice of any transfer or assignment thereof, had well and truly paid the amount thereof to said bank; and (2) that the said bond was fraudulently, and without consideration, obtained from the defendant. Demurrers were interposed and sustained to both pleas, and, upon appeal, the cause was elaborately argued and considered by the court. It was held (1) that, by the terms of the contract, the bonds were payable to whomsoever should become the holders thereof for value and in good faith; (2) that, being payable to bearer, they were negotiable at common law, and were not controlled by our statute declaring that " all bonds, obligations, bills single, promissory notes and all other writings for the payment of money or any other thing, shall and may be assigned by indorsement, whether the same be made payable to the order or assigns of the obligee or payee or not; and the assignee or indorsee shall and may sue in his own name, and maintain any action which the obligee or payee might or could have sued or maintained thereon previous to assignment; and in all actions commenced and sued upon any such assigned ·bond, obligation, bill

single, promissory note or other writing as aforesaid, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts and set-offs had or possessed against the same previous to notice of assignment," etc.   Code 1880, § 1124.

In considering the question whether the plaintiff might maintain the action in his own name, the court said : " We consider it well established that the holder of a note payable to bearer, derives his title to the note from the very terms of the contract, apart from the statute in relation to the assign- ment of such instruments, and without any necessity of an assignment from a previous holder.   It is an express con- tract, which the maker has issued to the world, that whoever should become the *bona fide* holder of the instrument should be entitled to receive the money therein agreed to be paid. When it comes to the hands of such a holder, the contract is complete, and surely the maker should be bound by his own agreement.   It is not founded on a violation of any principle of public policy, or of any rule of positive law, and is not against good morals."

This reasoning applies with equal force to the instrument now under consideration, and supports the right of the plaintiff to maintain the present action in his own name.

The court, in *Craig* v. *Vicksburg*, then proceeded to show that the bonds were negotiable at common law, notwithstand- ing they were under seal, and, having reached that conclusion, declared that their consideration could not be impeached after they had passed into the hands of a *bona fide* holder.

The argument in the present case is that the instrument sued on is not negotiable under the law merchant, because the money is not agreed to be paid absolutely and uncondi- tionally, but only upon condition that Millsaps College should be located in the city of Jackson or its immediate vicinity, and that, not being protected from assailment as a negotiable paper, it is competent to show a want or failure of consider- ation.   If the writing contained a mere promise by the de-

fendants to pay to the college or bearer a certain sum of money on condition, and the condition did not necsssarily imply a consideration, there would be much force in the objection made, for a mere promise is not a cause of action.

It is unnecessary to recite the consideration of paper negotiable by the law merchant, for, not only will a consideration be presumed, but the presumption is conclusive in favor of a *bona fide* holder. But, as to simple contracts, the plaintiff must show the obligation of the promise of the defendant by proving the consideration upon which it rests. If the instrument here sued on was but a simple promise to pay money on condition, it would not be negotiable under the law merchant, because of the condition; and, not being so negotiable, no consideration for the promise would be presumed, and it would, therefore, devolve upon the plaintiff to show and prove the consideration of the promise. But the defendants have not only, by the form of their contract, agreed to pay the sum of money therein named to the college or bearer, but have stated therein the consideration upon which that promise rests; and the question now is, whether, as against the *bona fide* holder of their obligation, they may now show that their promise rested upon other considerations not disclosed by the instrument, and that such other considerations have failed, and thus defeat the plaintiff's right of recovery. This question must be answered in the negative.

The defendants have, by their contract, invited all persons to deal with reference to their obligation by distinctly promising to pay to any one who should acquire the instrument the sum of money therein named, provided only the college should be located at or near the city of Jackson, and have stated the consideration upon which their promise rests. The plaintiff, having acted upon the faith of that representation and given value for the contract, should not now be answered by the defendant that a secret and other consideration was promised to them, and that the promise has not been kept. They are precluded by the terms of their con-

tract, which professes to state the terms upon which they agreed to be bound, not only to the college, but to any person who should become the owner and holder of their obligation. The right of the plaintiff is not a derivative one, coming from the college by assignment, but is original, and rests upon the direct contract and promise of the defendants with and to the plaintiff or *bearer*.

*Affirmed.*